UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CTA LIND & CO SCANDINAVIA AB IN
LIQUIDATION'S BANKRUPTCY
ESTATE, a foreign corporation,**

    **Petitioner,**

**v.**                                                      **Case No. 8:08-cv-1380-T-30TGW**

**ERIK LIND, an individual,**

    **Respondent.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Dispositive Motion for Final Summary Judgment and Incorporated Memorandum of Law (Dkt. 12). Respondent has failed to timely respond the Motion. The Court, having thus considered the Motion without the benefit of a response, and being otherwise fully advised in the premises, determines it should be granted.

### Background

Petitioner CTA Lind & Co Scandinavia AB in Liquidation's Bankruptcy Estate ("Petitioner") seeks confirmation of a foreign arbitration award issued in favor of Petitioner and against Respondent Erik Lind. Erik Lind is an individual who formerly resided in Sweden but currently resides in Osprey, Florida. Lind was a principal owner, director and,

at times, chairman of the board and/or managing director of CTA Lind & Co Scandinavia AB ("CTA").[1]

On or about December 6, 2007, Petitioner executed a written arbitration demand pursuant to the Bylaws of CTA and the Swedish Arbitration Act.[2] As a part of the demand, Petitioner appointed an arbitrator. Lind responded to the demand and appointed a second arbitrator. The two arbitrators subsequently selected a neutral third arbitrator.

During the arbitration process, Lind made a written submission to the arbitral tribunal indicating that he had no objection to the tribunal's jurisdiction. Following written notice from the tribunal to the parties, the final arbitration proceeding commenced on May 27, 2008. Lind did not appear at the hearing. On June 19, 2008, the arbitral tribunal issued an award in favor of Petitioner and against Respondent in an amount equal to 4,159,043.50 EUR, or the equivalent thereof in Swedish kronor, and costs in the amount of SEK 389,848 (the "Award"). Petitioner seeks confirmation of the Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention").

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

---

[1] CTA is a Swedish corporation with its principal place of business in Stokholm, Sweden.

[2] Article 13 of the Bylaws of CTA requires disputes between the company and the board, a director, managing director, liquidator or shareholder to be referred to arbitration in accordance with the Swedish Arbitration Act.

show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Chelates, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248;

Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**Discussion**

The Convention was implemented by Congress and is enforceable under United States law pursuant to 9 U.S.C. §§ 202-208 (the "Convention Act"). See Bautista v. Star Cruises, 396 F.3d 1289, 1297 (11th Cir. 2005). Title 9 of the United States Code contains the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA") as Chapter 1, the Convention Act as Chapter 2, and the Inter-American Convention on International Commercial Arbitration, Jan. 30, 1975 14 I.L.M. 336, 9 U.S.C. §§ 301-307 (the "Inter-American Act") as Chapter 3. Id. at 1296. The Eleventh Circuit has recognized that the FAA applies residually to supplement the Convention Act and applies only where it does not conflict with the Convention Act. Id.

Pursuant to 9 U.S.C. § 202, an "arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention." Section 2 of the FAA, as referenced in § 202, makes valid and enforceable "a contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract." 9 U.S.C. § 2. As discussed in Bautista, "section 202 uses section 2 as an illustration of the types of agreements covered by the Convention Act." Bautista, 396 F.3d at 1297-98.

In Czarina, L.L.C. v. W.F. Poe Syndicate, 358 F.3d 1286, 1291 (11th Cir. 2004), the Eleventh Circuit discussed that "Article II of the Convention imposes a prerequisite on a party asking the court to compel arbitration: it requires that the party bring the court the written agreement." (citing the Convention, art. II, 9 U.S.C. § 201 (historical and statutory notes)). Article II requires recognition of an agreement in writing, which is defined as follows: "[t]he term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in exchange of letters or telegrams." Furthermore, Article IV of the Convention requires the party applying for recognition and enforcement to supply the following at the time of the application: "(a) [t]he duly authenticated original award or duly certified copy thereof;" and "(b) [t]he original agreement referred to in article II or a duly certified copy thereof." The court in Czarina held that "the party seeking confirmation of an award falling under the Convention must meet article IV's prerequisites to establish the district court's subject matter jurisdiction to confirm the award." Czarina, 358 F.3d at 1292.

Lind has failed to timely respond to the instant motion. However, in his Answer, he denies that the arbitration provision within the Bylaws of CTA constitutes an agreement to arbitrate under the Convention. Specifically, Lind argues that there is no allegation in the Petition that he signed the Bylaws in an individual capacity. The copies of the relevant portions of the Bylaws provided by Petitioner do not contain Lind's signature.

Petitioner argues that, despite the lack of a signature, the arbitration provision in CTA's Bylaws has the force of a contract under applicable Swedish law. Pursuant to the Swedish Companies Act (SFS 2005:551), Chapter 7, Section 54:

> [a] clause in the bylaws to the effect that a dispute between the company and the board of directors, a member of the board of directors, the managing director, a liquidator or a shareholder shall be determined by one or more arbitrators shall have the same force as an arbitration agreement.

Moreover, Petitioner argues that even if the subject provision is not an arbitration agreement under the Convention, Lind made a written submission to the arbitral tribunal indicating he had no objection to the tribunal's jurisdiction.

In Czarina, the Eleventh Circuit addressed a similar argument. The party seeking confirmation relied on two award-confirmation cases that bypassed the Convention's written agreement requirement because the parties had proceeded in the arbitrations without sufficiently contesting jurisdiction. Czarina, 358 F.3d at 1294.³ The court rejected this argument because the party opposing confirmation had objected "early and often" to arbitration and had never agreed to arbitrate the dispute. Id.

Unlike in Czarina, Lind did not object to the arbitral tribunal's jurisdiction. To the contrary, he declared in writing that he had no objection to the tribunal's jurisdiction. Given

---

³The referenced cases were "*Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 591 (7th Cir. 2001) (declining to decide whether the proponent of the award had met the agreement-in-writing requirement, as the defendant had "freely participated" in the arbitration)" and "*Al Haddad Bros. Enters., Inc. v. M/S Agapi*, 635 F. Supp. 205, 209 (D.Del. 1986) (refusing to examine arbitrability, as 'plaintiff did not raise the lack-of-arbitration provision argument until March 20, 1984-nearly a year after Sahib Al Haddad started on the case and sixteen months after this Court originally stayed this litigation to allow arbitration.")."

Lind's express submission to the tribunal's jurisdiction and the validity of the arbitration agreement under Swedish law, the Court determines Lind waived any objection to the tribunal's jurisdiction. Accordingly, Petitioner has met the jurisdictional prerequisites to a confirmation action under the Convention.

Once the party seeking confirmation meets this jurisdictional burden, it establishes a prima facie case for confirmation of the award. Id. at 1292 n3. The burden then "shifts to the defendant to establish the invalidity of the award on one of the grounds specified in Article V . . . [t]hat is, the award is presumed to be confirmable." Id. By not responding to the instant motion, Lind has failed to meet his burden. The Court thus concludes Petitioner is entitled to final summary judgment and confirmation of the Award.

Having determined Petitioner is entitled to confirmation of the Award, the Court must convert the award to American currency. See Paris v. Central Chiclera, S. De .R.L, 193 F.2d 960, 963 (5th Cir. 1952).[4] Said conversion should be computed using the rate of exchange prevailing on the day of judgment. Id. The tribunal awarded Petitioner 4,159,043.50 EUR ($5,576,029.62 at an exchange rate of 1.3407), plus SEK 389,848 in costs ($48,575.06 at an exchange rate of .1246).[5] Thus, the total amount of the award was $5,624,604.68.

---

[4] Decisions of the Fifth Circuit as that court existed on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

[5] The exchange rates used for these calculations were based on the Wall Street Journal's exchange rates for the Prior Day as published on April 7, 2009. See http://online.wsj.com/mdc/public/page/2_3021-forex.html?mod=mdc_curr_pglnk (last visited April 7, 2009).

The Award also requires Lind to pay interest at an annual rate equal to the reference rate set by the Central Bank of Sweden from time to time plus eight percentage points, commencing December 12, 2007, until such time as full payment is made. The average annual reference rate set by the Central Bank of Sweden for the time period between December 12, 2007, and the date hereof (April 7, 2009) is 4.254%.[6] Thus, Petitioner is entitled to interest at a rate of 12.254% over the same time period, which results in an interest amount of $908,284.89. Accordingly, Petitioner is entitled to judgment in the amount of $6,532,893.57.[7]

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Dispositive Motion for Final Summary Judgment (Dkt. 12) is **GRANTED**.

2. The Clerk is directed to enter **FINAL JUDGMENT** in favor of Petitioner and against Respondent in the amount of **$6,532,893.57** (USD).

3. This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.[8]

4. All pending motions are denied as moot.

---

[6] See http://www.riksbank.com/templates/stat.aspx?id=17777 (last visited April 7, 2009).

[7] This amount is equal to the $5,624,604.68 award, plus $908,284.89 in interest.

[8] Notwithstanding the rate of interest required by the arbitral panel, this is the rate federal courts must use when awarding post-judgment interest. See Industrial Risk Insurers v. M.A.N. Gutehoffnunghütte GmbH, 141 F.3d 1434, 1447 (11th Cir. 1998).

5. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 7, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1380.msj.frm